**IN THE COURT OF APPEALS OF IOWA**

No. 17-0962
Filed August 16, 2017

**IN THE INTEREST OF M.M., I.M., and J.M.,**
**Minor Children,**

**O.F., Father,**
        Appellant,

**J.M., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, District Associate Judge.

The mother and father of three children appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Philip L. Garland, Garner, for appellant father.

Jane M. Wright, Forest City, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Theodore J. Hovda, Garner, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

The mother and father of three children jointly[1] appeal the termination of their parental rights. Agreeing with the district court that termination is in the children's best interests and there are no impediments to termination, we affirm.

The mother and father both assert it is not in the best interests of the children to terminate their parental rights, giving "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *See* Iowa Code § 232.116(2) (2017).[2]

We review termination proceedings de novo, giving weight to, but not being bound by, the district court's fact findings. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The family came to the attention of the Iowa Department of Human Services (DHS) in June 2015, when another child—one-month-old L.M.—was brought to the hospital, near death. He had suffered from an untreated stomach illness, which resulted in multi-organ failure. Although he survived against all medical odds, he is severely disabled, functioning as an infant, with a short life expectancy. It is with this backdrop the parents' ability to safely parent the other children in the family is viewed.

M.M., born 2007, and I.M., born 2009, were allowed to stay in the parental home following the removal of L.M., but they were under the protective eye of the

---

[1] The mother and father had separate legal counsel but filed a joint brief, signed by both attorneys, with no distinction in their issues or factual assertions.

[2] The parents do not challenge the statutory findings under Iowa Code section 232.116(1); therefore, we need not address those findings. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating no review is necessary of any unchallenged finding in the three-step analysis under section 232.116(1),(2), and (3)).

DHS with intense services offered to the parents. The children were adjudicated in need of assistance in September 2015. Both children suffer from autism—I.M.'s condition is much more severe than M.M.—but both children need close supervision and assistance with basic life skills. With little progress in the parents' understanding of the medical needs of these children, the children were removed and placed in separate foster homes on March 9, 2016. A third child, J.M., was born in October 2016 and removed the next day. She appears to be developing normally.

While the parents claim the record lacks clear and convincing evidence that the three children cannot be safely parented under their control and supervision, we agree with the district court that the parents lack the necessary skills to protect their children. The father is frequently absent, and the mother's psychological evaluation placed her in the borderline range of intellectual functioning, with the evaluator noting that "she is unlikely to comprehend a number of adult oriented conversations." This difficulty was apparent to the DHS staff who needed to prompt the mother to do the most simple of parenting tasks during visitations. The record supports the district court's finding the mother "is woefully inadequate in identifying the needs of a child, let alone meeting any needs."

The parents also assert the district court failed to consider the statutory impediments to termination, claiming termination would be detrimental to the children. *See* Iowa Code § 232.116(3). We disagree, as the district court clearly went through the appropriate analysis and found:

while M.M. does have a strong connection to his parents, it would be more detrimental to him to keep them in his life as his parents. They have failed to provide him with what he needs, and that would no doubt continue if he were to return to their care.

Both M.M. and I.M. have greatly improved in their basic skills since they were removed from the home, but they have tremendous hurdles before them as they develop under the burden of autism. Neither parent was able to help the children develop while in their care. As for J.M., as a very young child, she has very little bond with the mother and almost none with the father. We agree there is no reason to believe the children will be disadvantaged by the termination.

Having reviewed the parents' claims on appeal, we affirm the termination order of the district court.

**AFFIRMED ON BOTH APPEALS.**